Michael D. Adams (State Bar No. 185835)
madams@rutan.com
Lucas Hori (State Bar No. 294373)
lhori@rutan.com
Talya Goldfinger (State Bar No. 294926)
tgoldfinger@rutan.com
RUTAN & TUCKER, LLP
18575 Jamboree Road, 9th Floor
Irvine, CA 92612
Telephone: 714-641-5100
Facsimile: 714-546-9035

Attorneys for Defendant
PEAR HEALTH LABS, INC., d/b/a AAPTIV

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

KASRA SARHADI, individually and on behalf of all others similarly situated,

Plaintiff,

vs.

PEAR HEALTH LABS, INC., d/b/a AAPTIV,

Defendant.

Case No. 3:24-cv-7921-TLT

Judge: Hon. Trina L. Thompson

**DEFENDANT'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS COMPLAINT**

[Notice of Motion and Motion to Dismiss and [Proposed] Order Filed Concurrently Herewith]

Date: April 22, 2025
Time: 2:00 p.m.
Place: Courtroom 9

Date Action Filed: November 12, 2024
Trial Date: None Set

## REQUEST FOR JUDICIAL NOTICE

Defendant Pear Health Labs, Inc. d/b/a Aaptiv ("Aaptiv"), in support of its Motion to Dismiss the Complaint filed by Plaintiff Kasra Sarhadi ("Plaintiff"), respectfully requests that the Court take Judicial Notice of the following records, which are not subject to reasonable dispute because they are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned:

| Exhibit | Description |
|---|---|
| **A** | A true and correct copy of a printout of Aaptiv's website, located at https://Aaptiv.com/about (captured January 8, 2024). |
| **B** | A true and correct copy of a printout of Aaptiv's website, located at https://Aaptiv.com/privacy/ (captured January 8, 2024). |
| **C** | A true and correct copy of a printout of Aaptiv's website, located at https://aaptiv.com/how-it-works/ (captured January 8, 2024). |
| **D** | A true and correct copy of a print of Segment's website, located at https://segment.com/trust-center/?ref=nav (captured January 8, 2024). |
| **E** | A true and correct copy of a print of Segment's website, located at https://segment.com/product/privacy-portal/?ref=nav (captured January 8, 2024). |
| **F** | A true and correct copy of a print of Segment's website, located at https://segment.com/product/unify/?ref=nav (captured January 8, 2024). |
| **G** | A true and correct copy of a print of Mixpanel's website, located at https://docs.mixpanel.com/docs/privacy/protecting-user-data (captured January 8, 2024). |
| **H** | A true and correct copy of a print of Mixpanel's website, located at https://docs.mixpanel.com/docs/what-is-mixpanel (captured January 8, 2024). |

## LEGAL STANDARD

"A court shall take judicial notice if requested by a party and supplied with the necessary information." Fed. R. Evid. 201(d). "A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot be reasonably questioned." Fed. R. Evid. 201(b). *See Tellabs, Inc. v. Makor Issues & Rights, Ltd.,* 551 U.S. 308, 322 (2007) (a court may consider "other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice").

## ARGUMENT

Aaptiv requests that this Court take judicial notice of webpages from websites cited in Plaintiff's Complaint. These webpages are appropriate for judicial notice because they contain "information on . . . webpages that [Plaintiff] referenced" in its pleading. *See Love v. Ashford San Francisco II LP*, No. 20-cv-8458-EMC, 2021 WL 1428372, at *3 (N.D. Cal. Apr. 15, 2021) (quoting *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010)). "Websites and their contents may . . . be proper subjects for judicial notice." *Whitaker v. LL S. San Francisco*, L.P., No. 21-CV-00632-HSG, 2021 WL 2291848, at *3 (N.D. Cal. June 4, 2021) (citing *Threshold Enterprises Ltd. v. Pressed Juicery, Inc.*, 445 F. Supp. 3d 139, 146 (N.D. Cal. 2020) (and cases cited therein); *Wible v. Aetna Life Ins. Co.*, 375 F. Supp. 2d 956, 965 (C.D. Cal. 2005) ("websites and their contents may be proper subjects for judicial notice" where party "supplied the court with hard copies of the actual web pages of which they sought to have the court take judicial notice")). When ruling on a motion to dismiss, the "incorporation by reference" doctrine "permits us to take into account documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the plaintiff's pleading ... [which] applies with equal force to internet pages as it does to printed material. Just as a reader must absorb a printed statement in the context of the media in which it appears, a computer user

necessarily views web pages in the context of the links through which the user accessed those pages." *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005) (internal citations and quotations omitted).

Specifically, Exhibits A-C are printouts from Aaptiv's website, which the Complaint cites at page 2, fn. 2. Exhibits D-F are printouts from Segment's website, which the Complaint cites at page 6, fns. 6-9 and pages 17-20, fns. 31-44. And, Exhibit G-H are printouts from Mixpanel's website, which the Complaint cites at page 9, fns. 12-23 and pages 20-21, fns. 45-48. Because these websites are referenced in the Complaint and relied upon by Plaintiff in an effort to plead an interception by third parties and outside of the usual course of business in violation of the California Invasion of Privacy Act and/or the Video Privacy Protection Act, this Court can and should consider them. Further, Exhibit B contains Aaptiv's Privacy Policy, which the Court can and should consider because the Complaint depends on its allegations that there was a lack of consent. *See Garcia v. Enterprise Holdings, Inc.*, 78 F. Supp. 3d 1125, 1135-37 (N.D. Cal. 2015) ("Because Plaintiff's claim necessarily depends on the application of Zimride's policies—which relate directly to the issue of consent—the Court finds that these documents may appropriately be considered on a motion to dismiss.").

**CONCLUSION**

For the foregoing reasons, Aaptiv requests that the Court take judicial notice of Exhibits A through H.

Dated: January 8, 2025

RUTAN & TUCKER, LLP
MICHAEL D. ADAMS
LUCAS HORI
TALYA GOLDFINGER

By: *lsl Talya Goldfinger*
Talya Goldfinger
Attorneys for Defendant
PEAR HEALTH LABS, INC., d/b/a AAPTIV