**BURSOR & FISHER, P.A.**
L. Timothy Fisher (State Bar No. 191626)
Joshua R. Wilner (State Bar No. 353949)
1990 North California Blvd., 9th Floor
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700
E-mail: ltfisher@bursor.com
jwilner@bursor.com

*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

KASRA SARHADI, individually and on behalf of all others similarly situated,

Plaintiff,

v.

PEAR HEALTH LABS, INC., d/b/a AAPTIV,

Defendant.

Case No. 3:24-cv-07921-TLT

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S REQUEST FOR JUDICIAL NOTICE**

Date: April 22, 2025
Time: 2:00 p.m.
Courtroom: 9
Judge: Hon. Trina L. Thompson

## INTRODUCTION

Defendant asks the Court to take judicial notice of documents that are not cited in Plaintiff's Complaint. Specifically, Defendant asks for the Court to take judicial notice of a random webpage on its website that is not cited in the Complaint, and Defendant's Privacy Policy on its website that is also note cited in the Complaint. RJN Exs. B-C. Indeed, Plaintiff's allegations concern activities on Defendant's *mobile application*, which has nothing to do with Defendant's website, and Defendant cannot show Plaintiff even used its website or otherwise viewed the documents it seeks judicial notice of. *See* Compl. ¶ 86 (alleging Plaintiff used the iOS mobile application). For a number of reasons, Defendant's Request for Judicial Notice should be denied.[1]

## LEGAL STANDARD

"As a general rule, 'a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion.'" *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001); *see also* Fed. R. Civ. P. 12(b). Factual determinations on a motion to dismiss are improper. *Livid Holdings Ltd. v. Salomon Smith Barney, Inc.*, 416 F.3d 940, 950 (9th Cir. 2005). District courts should not allow defendants to present their own version of the facts at the pleading stage and accept those facts as true because doing so would make it "near impossible for even the most aggrieved plaintiff to demonstrate a sufficiently 'plausible' claim." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998-99 (9th Cir. 2018).

Two narrow exceptions to the general rule—judicial notice and incorporation-by-reference—allow a court to consider extraneous documents without converting the Rule 12(b)(6) motion into a summary judgment motion. *Lee*, 250 F.3d at 688-89. The Ninth Circuit has cautioned against the "unscrupulous use of extrinsic documents" under these exceptions, which "risks premature dismissals of plausible claims." *Khoja*, 899 F.3d at 998-99. Consideration of documents through both doctrines "can mean [the plaintiff will have] the courthouse doors slammed shut, such that

[1] Plaintiff does cite to Exhibit A, the "about" page on the Aaptiv website, a single time for a general overview of the function of the App. Compl. ¶ 4. Accordingly, Plaintiff does not oppose the request for judicial notice of this page. Further, Plaintiff does not cite to any of Defendant's cherry-picked materials related to Twilio and Mixpanel in the Complaint. RJN Exs. D-H. However, Plaintiff addresses those webpages in his Opposition to the Motion to Dismiss, and indeed, many of the statements on those webpages actually support Plaintiff's allegations.

there's no discovery, no further motion practice, no cross-examination, and no jury trial." *Hsu v. Puma Biotechnology, Inc.*, 213 F. Supp. 3d 1275, 1281 (C.D. Cal. 2019). This has "led to inappropriate efforts by defendants to expand the two doctrines" by filing motions to dismiss that make arguments more appropriate for "later stage[s] of the case." *Id.* at 1281.

## ARGUMENT

### I. THIS COURT SHOULD NOT TAKE JUDICIAL NOTICE OF THE WEBSITE PRINTOUTS OF A PRIVATE CORPORATION

Under the judicial notice exception, the Ninth Circuit has held that courts may only consider adjudicative facts that are either generally known or capable of accurate and ready determination from sources whose accuracy cannot be reasonably questioned. *United States v. Ritchie*, 342 F.3d 903, 908-09 (9th Cir. 2003) (citing Fed. R. Evid. 201(b)(1-2)). Courts in this circuit carefully distinguish between private corporate websites (improper), party websites (improper), and governmentally created content on government websites that are matters of public record (proper) when taking judicial notice of a document. *Compare Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998-99 (9th Cir. 2010) (providing instances of courts properly taking judicial notice of information posted on federal government agency websites); *with Spy Optic, Inc. v. Alibaba.Com, Inc.*, 163 F. Supp. 3d 755, 763 (C.D. Cal. 2015) (noting that judicial notice of private corporate websites is improper).

Based on the law in this Circuit, district courts herein have repeatedly rejected taking judicial notice of a private corporate website or a party's website. *See*, *e.g.*, *Spy Optic*, 163 F. Supp. 3d at 763 ("[P]rivate corporate websites, particularly when describing their own business, generally are not the sorts of sources whose accuracy cannot reasonably be questioned."); *Ladore v. Sony Computer Entertainment America, LLC,* 75 F. Supp. 3d 1065, 1074 (N.D. Cal. 2014) (refusing to take judicial notice of defendant's Terms of Service and/or Software Licenses because documents not the type whose "accuracy cannot be reasonably questioned."); *Ibey v. Taco Bell Corp.*, 2012 WL 2401972, *1 (S.D. Cal. June 18, 2012) (LinkedIn page and Mobil Marketing Association U.S. Consumer Best Practices are not documents sources whose accuracy cannot be reasonably questioned).

Further, even where courts take judicial notice of a website, "the court is simply taking as true that the website exists and makes certain representations about the company to the public. The court does not assume the veracity of any of the representations the website contains." *Genasys Inc. v. Vector Acoustics, LLC*, 638 F. Supp. 3d 1135, 1146 (S.D. Cal. 2022) (cleaned up).

## II. DEFENDANT IMPROPERLY SEEKS TO INVOKE THE INCORPORATION-BY-REFERENCE DOCTRINE TO DISPUTE PLAINTIFF'S WELL-PLEADED FACTS

"[I]ncorporation-by-reference is a judicially created doctrine that treats certain documents as though they are part of the complaint itself." *Khoja*, 899 F.3d at 1002. For incorporation-by-reference to apply, the complaint must either refer extensively to the document or the document must form the basis of the plaintiff's claim. *Id.* Merely mentioning the existence of a document is insufficient. *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).

While incorporation by reference can permit (but does not require) a court to accept the matters contained in incorporated documents as true in certain circumstances,[2] it is improper to "assume the truth of an incorporated document if such assumptions only serve to dispute facts stated in a well-pleaded complaint." *Khoja*, 899 F.3d at 1003. As the Ninth Circuit has explained, "[this doctrine] does not override the fundamental rule that courts must interpret the allegations and factual disputes in favor of the plaintiff at the pleading stage." *Id.* at 1014-15.

Here , Defendant improperly relies on the website privacy policy, a document Plaintiff never alleges to have seen on a website Plaintiff never alleges he visited, to dispute Plaintiff's well-pleaded facts. As such, the Court should deny Defendant's request to invoke the incorporation-by-reference doctrine with respect to the privacy policy.

Defendant contends that because "because the Complaint depends on its allegations that there was a lack of consent," judicial notice of the Privacy Policy is proper. RJN at 4:12-13. However, "consent is an affirmative defense for which defendant bears the burden of proof." *Calhoun v. Google, LLC*, 113 F.4th 1141, 1148 (9th Cir. 2024) (cleaned up); *Brown v. Google LLC*, 685 F. Supp. 3d 909, 926 n.13 (N.D. Cal. 2023) ("The Court finds, again, that consent is a defense to plaintiffs'

---

[2] *See Khoja*, 899 F.3d at 1003 (in some circumstances a court may accept facts as true); *Ritchie*, 342 F.3d at 908 (repeatedly using discretionary language when discussing the applicability of the incorporation by reference doctrine).

claims and it is therefore on Google, not plaintiffs, to prove.") (cleaned up); *Lopez v. Apple, Inc.*, 519 F. Supp. 3d 672, 685 (N.D. Cal. 2021) ("The party seeking to establish consent has the burden of proof."). Thus, the Complaint cannot hinge on alleging a lack of consent, as consent is an affirmative defense. *Turner v. Nuance Communications, Inc.*, 735 F. Supp. 3d 1169, 1180 (N.D. Cal. 2024) (declining to take judicial notice of policy because "it is possible to assess the sufficiency of Plaintiffs' claims on the face of the complaint" and "Plaintiffs did not rely on the DAA for any of their claims").

Defendant cites *Garcia v. Enter. Holdings, Inc.*, 78 F. Supp. 3d 1125 (N.D. Cal. 2015), in support of its request for notice of the Privacy Policy. But "*Garcia* was decided before [the Ninth Circuit] clarified the proper standard for judicial notice and is not binding on this [C]ourt." *Turner*, 735 F. Supp. 3d at 1180 (citing *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988 (9th Cir. 2018)). In any event, in *Garcia*, unlike here, the plaintiff made no "allegations … regarding Plaintiff's actual or constructive knowledge of Zimride's Privacy Policy." *Compare Garcia*, 78 F. Supp. 3d at 1137; *with* Compl. ¶¶ 90, 92, 94.

## III. INCORPORATION-BY-REFERENCE CANNOT BE USED IF THERE ARE MULTIPLE VERSIONS OF THE SUBMITTED DOCUMENT

It is well-settled that a court should decline to incorporate documents by reference (or judicially notice them) where there are multiple versions of the document, especially when it is unclear which versions of the document a plaintiff purportedly reviewed and agreed to. *Zero Motorcycles, Inc. v. Nikola Motor Co.*, 2018 WL 3009126, at *13-16 (N.D. Cal. June 14, 2018); *see also Turner*, 735 F. Supp. 3d at 1181 (declining to consider specific versions of an agreement and noting "[defendant] admits that [the agreement] ha[d] been revised multiple times over the years, so the current version of [it] may not be the same as the version [p]laintiffs allegedly read"); *Hammerling v. Google LLC,* 2022 WL 17365255, at *4 (N.D. Cal. Dec. 1, 2022), *aff'd*, 2024 WL 937247 (9th Cir. Mar. 5, 2024) (declining to take judicial notice of the most recent privacy policy and data disclosure of two apps because they might not be the one plaintiff read when she downloaded and used them).

Defendant seeks to invoke the incorporation-by-reference doctrine with respect to the website privacy policy. RJN at 4:11-12. However, that document states that the Privacy Policy was updated on April 24, 2023. RJN Ex. B. Plaintiff alleges he created his account and entered information into the app in June 2020, nearly three years before this version of the website Privacy Policy was published. Compl. ¶ 86. This means (i) this is not even possibly a Privacy Policy Plaintiff could have seen when creating his account on the App, and (ii) there is at least one additional version of the document, which was present before the April 2023 update.

**CONCLUSION**

For the foregoing reasons, Defendant's Request for Judicial Notice should be denied as to Exhibits B and C.

Dated: January 22, 2025

Respectfully submitted,

**BURSOR & FISHER, P.A.**

By: */s/ L. Timothy Fisher*

L. Timothy Fisher (State Bar No. 191626)
Joshua R. Wilner (State Bar No. 353949)
1990 North California Blvd., 9th Floor
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700
E-mail: ltfisher@bursor.com
jwilner@bursor.com

*Attorneys for Plaintiff*