**BURSOR & FISHER, P.A.**
L. Timothy Fisher (State Bar No. 191626)
Joshua R. Wilner (State Bar No. 353949)
1990 North California Blvd., 9th Floor
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700
E-mail: ltfisher@bursor.com
jwilner@bursor.com

**BURSOR & FISHER, P.A.**
Max S. Roberts (*Pro Hac Vice*)
1330 Avenue of the Americas, 32nd Floor
New York, NY 10019
Telephone: (646) 837-7150
Facsimile: (212) 989-9163
E-mail: mroberts@bursor.com

*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| KASRA SARHADI, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>PEAR HEALTH LABS, INC., d/b/a AAPTIV,<br><br>Defendant. | Case No. 3:24-cv-07921-TLT<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR ADMINISTRATIVE RELIEF TO COTNINUE MOTIONT O DISMISS HEARING**<br><br>Hon. Trina L. Thompson |

Pursuant to L.R. 7-11(b), Plaintiff Kasra Sarhadi ("Plaintiff") respectfully submits this opposition to Defendant Pear Health Labs, Inc. d/b/a Aaptiv's ("Defendant" or "Aaptiv") Administrative Motion to Continue the Hearing on the Motion to Dismiss (ECF No. 32) (the "Motion" or "Mtn.").

## INTRODUCTION

Defendant claims that its Motion to Dismiss (ECF No. 11) should be heard after its Motion to Compel Arbitration (ECF No. 25) in the name of "judicial economy." Mtn. at 2:12. This is false. The true motivations for Defendant's instant Motion are twofold: (i) to avoid an adverse determination on the Motion to Dismiss, and (ii) to guard against an argument that Defendant waived its right to compel arbitration by first filing its Motion to Dismiss (which it did). If Defendant wanted to accomplish both of those goals, it should have filed its Motion to Compel Arbitration first, as the Supreme Court requires. *See Morgan v. Sundance, Inc.*, 596 U.S. 411, 414-15 (2022). Defendant did not. Defendant's mistake is not "good cause" to adjust the Court's schedule.

Simply put, Defendant cannot re-arrange the schedule to its liking—and inconvenience the Court, the Parties, and their attorneys in the process—to rectify its mistake. Both of Defendant's motions are set for the same hearing date, which best promotes judicial efficiency. Accordingly, Defendant's Motion should be denied.

## ARGUMENT

### I. DEFENDANT HAS NOT DEMONSTRATED GOOD CAUSE TO ADJOURN THE MOTION TO DISMISS HEARING DATE BECAUSE IT DID NOT MOVE TO COMPEL ARBITRATION IN A DILIGENT MANNER

Defendant claims there is "good cause" to adjourn the Motion to Dismiss hearing date because "Aaptiv demonstrated diligence by promptly filing its Motion to Compel Arbitration two days after the mediation and almost two weeks in advance of the deadline set by the Court." Mtn. at 4:3-4. This plays fast and loose with the facts.

Plaintiff filed this action on November 12, 2024 (ECF No. 1). After stipulating in December to extend its deadline to respond to the Complaint (ECF No. 9), Defendant filed its Motion to Dismiss on January 8, 2025 (ECF No. 11). In that motion, Defendant noted its intent to move to compel arbitration (ECF No. 11 at 2 n.1), but Defendant did not do so throughout January. Nor did Defendant

do so throughout February, despite filing a Joint Case Management Statement (ECF No. 19) and attending a case management conference. Instead, Defendant waited until *two months later* in March—after the Motion to Dismiss was fully briefed and a hearing date was set—to move to compel arbitration. Thus, Defendant did not move to compel arbitration until *five months* after this action was filed.

In other words, Defendant took a "wait-and-see" approach with its Motion to Dismiss and, after likely realizing the Motion to Dismiss was doomed to fail, Defendant moved to compel arbitration. This tactic not only fails to satisfy the "good cause" standard for diligence, it constitutes a waiver of Defendant's right to compel arbitration. *Morgan v. Sundance, Inc.*, 596 U.S. 411, 414-15 (2022) (finding waiver where "Sundance initially defended itself against Morgan's suit as if no arbitration agreement existed"); *Support Community, Inc. v. MPH Int'l, LLC*, 2025 WL 547380, at *1 (9th Cir. Feb. 19, 2025) (finding waiver where "[t]hough [defendant] could have petitioned to compel arbitration in its first responsive pleading in state court … it failed to do so"); *Kaneko Ford Design v. Citipark, Inc.*, 202 Cal. App. 3d 1220, 1228 (1988) (finding waiver where plaintiff waited to move to compel arbitration until "approximately five and one-half months after the complaint"); *Guess?, Inc. v. Super. Ct.*, 79 Cal. App. 4th 553, 558 (2000) (finding waiver after four months of litigation); *cf. Gill v. Chipotle Mexican Grill, Inc.*, 2025 WL 287320, at *5 (C.D. Cal. Jan. 23, 2025) (finding defendant waived the right to bring another Rule 12 motion after filing of motion to compel arbitration pursuant to Fed. R. Civ. P. 12(g)).

Defendant claims that it had to file a motion to dismiss first "to avoid default." Mtn. at 2:20-21. That is a legal fallacy. "While courts may disagree as to whether a motion to compel arbitration constitutes a motion pursuant to Rules 12(b)(1), 12(b)(3), or 12(b)(6), courts generally agree that such a motion is a Rule 12(b) motion." *Lemberg v. LuLaRoe, LLC*, 2018 WL 6927836, at *3 (C.D. Cal. Mar. 1, 2018). Thus, filing a motion to compel arbitration first would have constituted a response to Plaintiff's Complaint and avoided a default. Defendant did not do so because it wanted to take a shot on the merits in open court. That is the exact tactic the caselaw prohibits.

Simply put, if Defendant wanted to avoid an adverse ruling on the Motion to Dismiss and try its luck with compelling arbitration first, it should have done so. It did not. Defendant's mistake is

not a reason to adjust the schedule. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) ("[C]arelessness is not compatible with a finding of diligence and offers no reason for a grant of relief."). And Defendant's lack of diligence does not meet the "good cause" standard.

## II. ADJOURNING THE MOTION TO DISMISS HEARING WOULD BE A WASTE OF THE COURT'S AND THE PARTIES' RESOURCES

Defendant's argument regarding judicial efficiency also fails. The Motion to Dismiss is fully briefed and set for a hearing on the *exact same day* as the Motion to Compel Arbitration. It is hard to see how this is inefficient. Even Defendant admits the motions can be decided on the same day. Mtn. at 4:17-19 ("In the alternative, Aaptiv requests that the Court decide its Motion to Compel Arbitration first at the April 22 hearing."). But, assuming the Court does not take the motions under submission, this is how Defendant would propose that the Court manage its docket:

- Adjourn the Motion to Dismiss hearing to another, unscheduled date, even though that motion is fully briefed.
- Have the Parties and the Court prepare for the Motion to Compel Arbitration hearing on April 22, and have the Parties travel to San Francisco for that hearing.
- Argue the Motion to Compel Arbitration.
- Have the Court rush out a determination on the Motion to Compel Arbitration so as to ascertain the need for a Motion to Dismiss ruling without sitting on either motion for too long.
- If the Motion to Compel Arbitration is denied, have the Parties prepare for *another* hearing, and have the Parties travel to San Francsico for *another* hearing.
- Argue the Motion to Dismiss.

What part of that schedule—which stretches out the time to decide two motions that will be fully briefed by the end of this week and set to be heard in three weeks, into a multi-month ordeal with duplicative time and expenses—is judicially efficient, or conserves resources for either party or the Court? This question is rhetorical.

On top of this, Plaintiff will be prejudiced by further delays deciding both motions. Currently, Plaintiff must move for class certification on September 12, 2025, which means conducting sufficient discovery in advance of that deadline to do so. Deciding both motions on April 22 will leave no lingering doubts as to which claims are proceeding and allow the Parties to

complete discovery in a timely manner. Continuing the Motion to Dismiss will likely lead to motion practice as to the scope of discovery—given it will remain unclear which claims are proceeding—and may result in the need for scheduling extensions. Thus, not only would Defendant's course of action hamstring Plaintiff's discovery efforts, it would result in substantial delays that likewise waste judicial resources.

## CONCLUSION

Defendant's Motion to Dismiss and Motion to Compel Arbitration are both set to be heard on April 22. Both motions will be fully briefed by the end of this week. There is no justification, nor any judicial economy saved, for adjourning the Motion to Dismiss. Instead, this is an attempt by Defendant to paper over its waiver of its right to compel arbitration and avoid an adverse determination on the Motion to Dismiss. The Court should not countenance this maneuver.

For the foregoing reasons, Defendant's Motion should be denied.

Dated: March 31, 2025

**BURSOR & FISHER, P.A.**

By: */s/ L. Timothy Fisher*
L. Timothy Fisher

L. Timothy Fisher (State Bar No. 191626)
Joshua R. Wilner (State Bar No. 353949)
1990 North California Blvd., 9th Floor
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700
E-mail: ltfisher@bursor.com
jwilner@bursor.com

**BURSOR & FISHER, P.A.**
Max S. Roberts (*Pro Hac Vice*)
1330 Avenue of the Americas, 32nd Floor
New York, NY 10019
Telephone: (646) 837-7150
Facsimile: (212) 989-9163
E-mail: mroberts@bursor.com

*Attorneys for Plaintiff*