**BURSOR & FISHER, P.A.**
L. Timothy Fisher (State Bar No. 191626)
Joshua R. Wilner (State Bar No. 353949)
1990 North California Blvd., 9th Floor
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700
E-mail: ltfisher@bursor.com
jwilner@bursor.com

**BURSOR & FISHER, P.A.**
Max S. Roberts (*Pro Hac Vice*)
1330 Avenue of the Americas, 32nd Floor
New York, NY 10019
Telephone: (646) 837-7150
Facsimile: (212) 989-9163
E-mail: mroberts@bursor.com

*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

KASRA SARHADI, individually and on behalf of all others similarly situated,

Plaintiff,

v.

PEAR HEALTH LABS, INC., d/b/a AAPTIV,

Defendant.

Case No. 3:24-cv-07921-TLT

**PLAINTIFF'S MOTION FOR RECONSIDERATION OF ORDER GRANTING MOTION TO COMPEL ARBITRATION; MEMORANDUM OF LAW AND POINTS AND AUTHORITIES**

Date: TBD (*See* ECF No. 39)
Time: TBD (*See* ECF No. 39)
Ctrm: 9
Judge: Hon. Trina L. Thompson

## NOTICE OF MOTION AND MOTION

**PLEASE TAKE NOTICE** that, on a date and time to be set by the Court (*see* ECF No. 39), in the courtroom of the Honorable Trina L. Thompson located at 450 Golden Gate Avenue, San Francisco, CA 94102, Plaintiff Kasra Sarhadi ("Plaintiff") will and hereby does move for an order reconsidering the Order Granting Motion to Compel Arbitration (ECF No. 37), and denying Defendant Pear Health Labs, Inc. d/b/a Aaptiv's ("Defendant") Motion To Compel Arbitration (ECF No. 25).

Reconsideration should be granted pursuant to L.R. 7-9(b) based on recent Ninth Circuit precedent in *Godun v. JustAnswer*, LLC, 135 F.4th 699 (9th Cir. 2025), application of the facts under *Chabolla v. ClassPass Inc*., 129 F.4th 1147 (9th Cir. 2025), and application of newly discovered evidence. This Motion is based on this Notice of Motion and Motion, the Memorandum and Points and Authorities, the Declaration of Max S. Roberts and the exhibits attached thereto, all of the pleadings, files, and records in this proceeding, all matters of which the Court may take judicial notice, and any argument that may be presented to the Court or other matter that may be considered by the Court.

Dated: June 2, 2025

Respectfully submitted,

**BURSOR & FISHER, P.A.**

By: */s/ Joshua R. Wilner*
Joshua R. Wilner

L. Timothy Fisher (State Bar No. 191626)
Joshua R. Wilner (State Bar No. 353949)
1990 North California Blvd., 9th Floor
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700
E-mail: ltfisher@bursor.com
jwilner@bursor.com

**BURSOR & FISHER, P.A.**
Max S. Roberts (*Pro Hac Vice*)
1330 Avenue of the Americas, 32nd Floor
New York, NY 10019
Telephone: (646) 837-7150
Facsimile: (212) 989-9163
E-mail: mroberts@bursor.com

*Attorneys for Plaintiff*

# TABLE OF CONTENTS

**PAGE**

INTRODUCTION .......... 1

LEGAL STANDARD .......... 2

ARGUMENT .......... 3

I. *GODUN* CONSTITUTES INTERVENING, CONTROLLING PRECEDENT ON "BELOW THE BUTTON" NOTICE, WARRANTING RECONSIDERATION .......... 3

II. THE ORDER COMMITTED CLEAR ERROR BY OVERLOOKING *GODUN* AND DISREGARDING DISPOSITIVE LEGAL ARGUMENTS IN *CHABOLLA*, WARRANTING RECONSIDERATION .......... 6

III. NEW EVIDENCE SHOWING THE IPHONE KEYBOARD MAY HAVE COVERED UP THE HYPERLINK ON THE APP WARRANTS RECONSIDERATION .......... 7

CONCLUSION .......... 10

## TABLE OF AUTHORITIES

**PAGE(S)**

**CASES**

*Chabolla v. ClassPass Inc.*,
129 F.4th 1147 (9th Cir. 2025) .................................................. 1, 6, 7

*County of Santa Clara v. Trump*,
267 F. Supp. 3d 1201 (N.D. Cal. 2017) .................................................. 2

*Farfan v. SSC Carmichael Operating Co. LP*,
2019 WL 4933577 (N.D. Cal. Oct. 7, 2019) .................................................. 5

*Godun v. JustAnswer*, LLC,
135 F.4th 699 (9th Cir. 2025) .................................................. passim

*Jackson v. Amazon.com, Inc.*,
65 F.4th 1093 (9th Cir. 2023) .................................................. 2, 9

*Lee v. Plex, Inc.*,
2025 WL 948118 (N.D. Cal. Mar. 28, 2025) .................................................. 9

*Sch. Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc.*,
5 F.3d 1255 (9th Cir. 1993) .................................................. 3

**RULES**

Fed. R. Evid. 106 .................................................. 9

**MEMORANDUM OF POINTS AND AUTHORITIES**

**INTRODUCTION**

On April 15, 2025, a mere three days before this Court's Order Granting Motion to Compel Arbitration (ECF No. 37) (the "Order"), the Ninth Circuit issued *Godun v. JustAnswer, LLC*, 135 F.4th 699 (9th Cir. 2025). Given the short gap between *Godun* and the Order, the Order did not consider or cite *Godun* accordingly. Nonetheless, *Godun* cements that the hyperlink to Defendant's terms is inconspicuous. Specifically, the Ninth Circuit held that where a hyperlink is not "located directly above or below the action button and is displayed in relatively small text," even on a "generally uncluttered" page, the hyperlink is inconspicuous because users are left with the "visual impression" of the hyperlink being "'tucked away' or not important to the transaction." *Id*. at 712-13. So too here where, per the Order, the hyperlink is located "[a]t the bottom of the page, in small black text," with a "white screen gap between the 'Join Aaptiv' button and the notice." Order at 11:3-6. *Godun* thus represents an intervening change in the controlling law on the notice issue, wearranting reconsideration and the denial of Defendant's Motion to Compel Arbitration (ECF No. 25).

Beyond this, Plaintiff respectfully submits that the Order did not consider dispositive legal arguments in *Godun* and the Ninth Circuit's earlier decision in *Chabolla v. ClassPass Inc.*, 129 F.4th 1147 (9th Cir. 2025). *Godun* was not considered because it was issued a mere three days before the Order. But respectfully, the Order also missed the key point of the *Chabolla* decision: that the hyperlink was inconspicuous "[b]ecause of the notice's distance from relevant action items, its placement outside of the user's natural flow, and its font." *Chabolla*, 129 F.4th at 1157. The Order's references to the clutter and muddled text of the *Chabolla* hyperlink were regarding *other screens* at issue in the decision, screens that the Ninth Circuit did not determine the notice issue on because of issues of assent. *Chabolla*, 129 F.4th at 1157; *see also id.* at 1175 (Screen 2); *id.* at 1176 (Screen 3). But the Ninth Circuit's commandment regarding notice was about Screen 1, where, as Plaintiff discussed in his briefing (ECF No. 31 at 6-7), the "below the button" issue was dispositive. Taken together, *Godun* and *Chabolla* affirm that notice located significantly below the relevant action

button, as here, is inconspicuous. The Order's conclusion otherwise constitutes "clear error," which also warrants reconsideration and the denial of Defendant's Motion to Compel Arbitration.

Last, Plaintiff has uncovered new evidence that when an iPhone user typed text into the form fields on Defendant's App (as a user would have to do to create an account), the iPhone's keyboard covered up the hyperlink such that the hyperlink was *entirely obfuscated* during the sign-up process. To be sure, Plaintiff's evidence is based on testing the sign-up screen of the App in its current form, rather than in 2020. But the burden is on Defendant, as "the party seeking arbitration to show notice and assent." *Jackson v. Amazon.com, Inc.*, 65 F.4th 1093, 1100 (9th Cir. 2023). So it was Defendant's burden to show that when users signed up for the App in 2020, the iPhone keyboard did *not* cover the hyperlink to the terms. It was not Plaintiff's burden to show the opposite. *Id.* And Defendant's non-interactive presentation—where the App was shown *without* users entering texts into the form fields—not only did not permit Plaintiff to test his theory, it did not suffice for Defendant to meet its burden. Especially on top of *Godun* and *Chabolla*, this newly discovered evidence warrants reconsideration and the denial of Defendant's Motion to Compel Arbitration.

For the following reasons, Plaintiff's Motion for Reconsideration (the "Motion") should be granted and Defendant's Motion to Compel Arbitration should be denied.

## LEGAL STANDARD

Pursuant to L.R. 7-9(a), Plaintiff was required to ask the Court for leave before bringing the instant Motion. For leave to be granted, Plaintiff had to show that either (i) "at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought"; (ii) "[t]he emergence of new material facts or a change of law occurring after the time of such order; or (iii) "[a] manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order." L.R. 7-9(b)(1)-(3). The Court found Plaintiff met at least one of these factors and granted Plaintiff leave to file the instant Motion. ECF No. 39.

"Once a reconsideration motion is filed, reconsideration is appropriate 'if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) there is an intervening change in controlling law.'" *County of Santa Clara*

*v. Trump*, 267 F. Supp. 3d 1201, 1207-08 (N.D. Cal. 2017) (quoting *Sch. Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993))

## ARGUMENT

### I. *GODUN* CONSTITUTES INTERVENING, CONTROLLING PRECEDENT ON "BELOW THE BUTTON" NOTICE, WARRANTING RECONSIDERATION

As noted in Plaintiff's Motion for Leave (ECF No. 38 at 3:9-11), the Ninth Circuit issued an opinion in *Godun v. JustAnswer, LLC*, 135 F.4th 699 (9th Cir. 2025) on April 15, 2025, a mere three days before this Court's Order. *Godun* represents an intervening change in the controlling law of whether a hyperlink that is not "located directly above or below the action button and is displayed in relatively small text," even on a "generally uncluttered" page, is conspicuous or not. *Godun*, 135 F.4th 712-13. *Godun*'s finding that such a hyperlink is inconspicuous warrants reconsideration.[1]

In *Godun*, the most relevant hyperlinks to the instant action appeared as follows[2]:







[1] Alternatively, because *Godun* was issued before the Order, *Godun* also serves as grounds for reconsideration under the "clear error" standard. *See* Argument § II, *infra*.

[2] *Godun* involved two other hyperlinks that are not relevant here. One hyperlink was even less conspicuous than the one here because "the color of the advisal text blend[ed] into the background and [was] displayed in a lighter color than other text on the page." *Godun*, 135 F.4th at 711. And another was not evaluated for conspicuousness because "[t]he advisal … failed to explicitly advise users of what action would constitute assent to any terms they were provided with." *Id.* at 712.

*Godun*, 135 F.4th at 704-05. The Ninth Circuit held neither of these hyperlinks were sufficiently conspicuous. As to the hyperlink on the left, "[a]lthough the white text stands out against a black background and is close to the action … button … the black background is outside the main frame of the screen." *Id.* at 713. This "creates the visual impression of being 'tucked away' or not important to the transaction," and does not "capture the user's attention and direct her to the notice." *Id.* at 713-14 (cleaned up). Thus, despite the fact the page on the left was "generally uncluttered," the Ninth Circuit found this hyperlink to be inconspicuous. *Id.* at 713. As to the hyperlink on the right, although the hyperlink was in contrasting font from the background, it was still not "located directly above or below the action button and is displayed in relatively small text." *Id.* at 712. Thus, again, the Ninth Circuit held this hyperlink was inconspicuous. *Id.*

*Godun* thus holds that hyperlinks that are not "located directly above or below the action button" and that are "displayed in relatively small text" are not conspicuous, even where the page is "generally uncluttered." *Godun*, 135 F.4th at 712-13. Those are the facts present here. As a refresher, Defendant's hyperlink looked like this:



ECF No. 25-1 at Ex. 9. The Court already found the hyperlink here was located "[a]t the bottom of the page, in small black text," with a "white screen gap between the 'Join Aaptiv' button and the notice." Order at 11:3-6; *see also Godun*, 135 F.4th at 712 ("The advisal is not, however, located directly above or below the action button and is displayed in relatively small text."). Under *Godun*, that puts the hyperlink "outside the main frame of the screen" and "creates the visual impression of being 'tucked away' or not important to the transaction," rendering it inconspicuous. *Godun*, 135 F.4th at 713. This is so, even though the Court found the page was "uncluttered." Order at 11:6; *see also Godun*, 135 F.4th at 713-14 ("While the page is generally uncluttered, the placement of the advisal on the black border creates an impression of visual discontinuity. This does not capture the user's attention and direct her to the notice.") (cleaned up).

Previously, the Court found that "while there is some distance between the 'Join Aaptiv' button and the notice, this is offset by the fact that there is no intervening text or buttons in between such that the eyes of the user flow to the notice." Order at 12:9-11. For the reasons discussed below, this was factually incorrect based on newly discovered evidence. *See* Argument § III, *infra*. Regardless, in *Godun*, the "landing page" shown to "Plaintiff Godun" had no intervening text between the "Start chat" button and the advisal. *Godun*, 135 F.4th at 704. And the Ninth Circuit even noted the hyperlink on this page, unlike here, was "close to the action ('Start chat') button." *Id.* at 713. Nonetheless, the Ninth Circuit found that the advisal's placement "outside the main frame of the screen" did not "capture the user's attention and direct her to the notice." *Id.* at 713-14 (cleaned up).

In other words, *Godun*'s holding rests on "the placement of the advisal" "outside the main frame of the screen," thus creating "an impression of visual discontinuity." *Id*. That alone prevents "the eyes of the user" from "flow[ing] to the notice," regardless of whether any intervening text exists. Order at 12:9-11. Thus, *Godun* represents a change in the controlling law of conspicuousness of hyperlinks, warranting both reconsideration of the Order and denial of the Motion to Compel Arbitration. *See Farfan v. SSC Carmichael Operating Co. LP*, 2019 WL 4933577, at *2 (N.D. Cal. Oct. 7, 2019) (finding new and binding authority "constitutes a change in controlling law and is dispositive in this case").

## II. THE ORDER COMMITTED CLEAR ERROR BY OVERLOOKING *GODUN* AND DISREGARDING DISPOSITIVE LEGAL ARGUMENTS IN *CHABOLLA*, WARRANTING RECONSIDERATION

As noted above, the Court failed to consider *Godun* in its Order because *Godun* was issued a mere three days before the Order. Nonetheless, the Order's failure to consider this new and binding precedent constitutes "clear error" and warrants reconsideration. And under *Godun*, Defendant's motion to compel arbitration must be denied for the reasons stated above. *See* Argument § I, *supra*.

However, the Order also committed clear error by misapprehending the facts and failing to consider dispositive legal arguments in *Chabolla v. ClassPass Inc.*, 129 F.4th 1147 (9th Cir. 2025). Previously, the Court found *Chabolla* did not warrant denial of the motion to compel arbitration because the hyperlink in *Chabolla* "was obscured by other images and intervening and muddled text about signing up with Facebook or language regarding gift cards." Order at 11:15-17. However, *Chabolla* concerned three screens with hyperlinks, and the Ninth Circuit only discussed the "muddled text" and "language regarding gift cards" with regards to Screens 2 and 3, *not* Screen 1. *Chabolla*, 129 F.4th at 1157; *see also id.* at 1175 (Screen 2); *id.* at 1176 (Screen 3). And importantly, the Ninth Circuit did not rule on the conspicuousness of the hyperlinks in Screens 2 and 3 because of issues of unambiguous assent. *Id.* at 1158. Thus, those elements were not relevant to the Ninth Circuit's discussion of Screen 1, the only screen where the notice issue was decided.

As to Screen 1, although it had text regarding Facebook, the Ninth Circuit's issue with Screen 1 was that the hyperlink was "below the 'Sign up with Facebook' option, on the periphery of where a user intending to use their email would be looking." *Id.* at 1157. Thus, the Ninth Circuit found the hyperlink on Screen 1 was inconspicuous "[b]ecause of the notice's distance from relevant action items, its placement outside of the user's natural flow, and its font." *Id.* So, contrary to the Order, *Chabolla* was *not* based on clutter or other images on Screen 1. *Id.* And the issue in *Chabolla* was not that the Facebook language made the page cluttered, but that "[a] reasonably prudent user would likely click 'Continue' and read no further if she had no intention of using Facebook," thus making the notice "fade into the irrelevancy of other aspects of the page." *Id.*

The same is true here. "A reasonably prudent user would likely click ['Join Aaptiv] and read no further" because nothing more is needed to complete the account creation process. *Id.*

Defendant's placement of the hyperlink well below the relevant button thus puts the hyperlink "on the periphery of where a user … would be looking" (*Chabolla*, 129 F.4th at 1157), and "create[] the visual impression of being 'tucked away' or not important to the transaction" (*Godun*, 135 F.4th at 713). It is also worth reiterating that the hyperlink on "landing page" shown to "Plaintiff Godun" was "close to the action ('Start chat') button," unlike here. *Godun*, 135 F.4th at 704, 713. Yet, the Ninth Circuit found the visual placement of the hyperlink rendered it inconspicuous all the same.

The import of *Godun*, along with *Chabolla*'s actual holding, is clear: if a hyperlink is not "located directly above or below the action button and is displayed in relatively small text," as here, then that in and of itself renders the hyperlink inconspicuous. The Order's failure to consider this dispositive legal principle warrants reconsideration and a denial of Defendant's motion to compel arbitration.

The Order did note that "the context of the transaction remains a relevant factor" in determining conspicuousness of the hyperlink. Order at 10:22-23. While true, the Court must consider "both visual conspicuousness and the context of the transaction in totality." *See Godun*, 135 F.4th at 713. And an ongoing relationship, in and of itself, does not give reasonable users "reason to look for additional terms and conditions not explicitly listed on [Defendant's App]," especially given "the onus must be on [app developers like Defendant] to put users on notice of the terms to which they wish to bind consumers." *Chabolla*, 129 F.4th at 1156.

Accordingly, the Order's failure to consider *Godun* and the core holding of *Chabolla* constitute clear error, warranting reconsideration and a denial of the Motion to Compel Arbitration.

## III. NEW EVIDENCE SHOWING THE IPHONE KEYBOARD MAY HAVE COVERED UP THE HYPERLINK ON THE APP WARRANTS RECONSIDERATION

As argued above, *Godun* and *Chabolla*'s holdings on "below the button" notice, in and of themselves, warrant reconsideration. *See* Argument §§ I-II, *supra*. But if there was any doubt, newly discovered evidence tips the scales in Plaintiff's favor.

As part of its Motion to Compel Arbitration, Defendant "recreated the sign-up screen from the 2020 App" (ECF No. 25-1 ¶ 22), which is when Plaintiff alleges he created an Aaptiv account on his iPhone. Compl. ¶ 86. Defendant's presentation of this sign-up screen, however, consisted of

(i) a static, non-interactive screenshot of the sign-up screen (ECF No. 25-1 at Ex. 9), and (ii) a video recording of the sign-up screen in which the user did not enter text into any form field (*id.* at Ex. 10). And, given the relevant App design was from 2020 and Defendant recreated the design using internal "files and assets from [its] Git repository" (ECF No. 25-1 ¶ 22), it was impossible for Plaintiff to interact with or dispute how the App appeared at that time. Based on this presentation, the Court found that although the hyperlink in 2020 was a considerable distance from the "Join Aaptiv" button, "this [was] offset by the fact that there is no intervening text or buttons in between such that the eyes of the user flow to the notice." Order at 12:9-11.

Newly discovered evidence shows that not only were there "intervening text or buttons in between" the hyperlink and the button, the hyperlink may have been *fully obfuscated* when users entered text, as they would need to when actually creating an account. Specifically, when typing text into a form field on an iPhone (as Plaintiff alleges he used (Compl. ¶ 86)), a keyboard pops up that covers up the entire lower half of the screen. On the current version of Defendant's App on the iPhone, this causes the iPhone's keyboard covers up the hyperlink at the bottom of the screen:






Roberts Decl. ¶¶ 3-5. Notably, as is visible in the above screenshots, other portions of the sign-up screen are pushed upwards (the "Hi there! Let's get started" language, form fields, and "Join Aaptiv" button), but *not* the hyperlink.

It stands to reason that this aspect of Defendant's App likely functioned in the same way in 2020 as it does now. Indeed, why would Defendant make the hyperlink on its App less conspicuous now then it was previously? Thus, the iPhone's keyboard would have covered the hyperlink when a user entered text into the form fields in 2020, thereby placing "intervening text or buttons in between" the hyperlink and "Join Aaptiv" button and rendering the hyperlink inconspicuous.

Defendant may argue that it was Plaintiff's burden to show the App functioned this way in 2020 to resist arbitration. That argument is foreclosed by Ninth Circuit law. The burden is on Defendant, as "the party seeking arbitration to show notice and assent." *Jackson v. Amazon.com, Inc.*, 65 F.4th 1093, 1100 (9th Cir. 2023). In other words, it was Defendant's burden to show that when users signed up for the App in 2020, the iPhone keyboard did *not* cover the hyperlink to the terms. It was not Plaintiff's burden to show the opposite. *Id.* ("It was Amazon's burden to show assent, not Jackson's to show lack thereof."). And, of course, Defendant's non-interactive presentation left out this crucial detail while preventing Plaintiff from demonstrating the same. Evidentiary rules require Defendant to show how users interacted with the form fields back in 2020 to submit evidence of the sign-up screen at all, as the two "in fairness out to be considered at the same time." *See* Fed. R. Evid. 106 ("If a party introduces all or part of a statement, an adverse party may require the introduction, at that time, of any other part — or any other statement — that in fairness ought to be considered at the same time."). In sum, foreclosing this argument based on Plaintiff not providing this additional evidence of lack of notice would also constitute clear error under *Jackson* and the Federal Rules of Evidence. And absent evidence by Defendant that the keyboard did not cover the hyperlink, Defendant cannot compel arbitration.

One last point bears emphasis. As the operator of a mobile app, Defendant "controls its own destiny" and "could have employed several common website design elements to make its sign-in wrap agreement more enforceable." *Lee v. Plex, Inc.*, --- F. Supp. 3d ---, 2025 WL 948118, at *6 (N.D. Cal. Mar. 28, 2025). In particular, the hyperlink could have been moved closer to the button

such that the hyperlink was "directly … below the action button." *Godun*, 135 F.4th at 712. This would have likely fixed the keyboard issue.[3]







Instead, the hyperlink was placed on the very bottom of the page—as far away from the action button as an iPhone screen will allow—to cause the keyboard to cover up the hyperlink when a user creates an account. There appears to be no cogent reason for this design choice other than obfuscating critical terms. Such a decision should not be rewarded with an order compelling arbitration.

Accordingly, Plaintiff's newly discovered evidence—especially on top of *Godun* and the key issue in *Chabolla*—warrants reconsideration and denial of the motion to compel arbitration.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court grant his Motion for Reconsideration and deny Defendant's Motion to Compel Arbitration.

[3] These screenshots are just for illustrative purposes and do not represent the actual design of the sign-up screen on the App at any time.

Dated: June 2, 2025

Respectfully submitted,

**BURSOR & FISHER, P.A.**

By: /s/ Joshua R. Wilner
Joshua R. Wilner

L. Timothy Fisher (State Bar No. 191626)
Joshua R. Wilner (State Bar No. 353949)
1990 North California Blvd., 9th Floor
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700
E-mail: ltfisher@bursor.com
jwilner@bursor.com

**BURSOR & FISHER, P.A.**
Max S. Roberts (*Pro Hac Vice*)
1330 Avenue of the Americas, 32nd Floor
New York, NY 10019
Telephone: (646) 837-7150
Facsimile: (212) 989-9163
E-mail: mroberts@bursor.com

*Attorneys for Plaintiff*